[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Pursuant to his no-contest plea, the defendant-appellant, James E. Crawford, was convicted of the second count of an indictment charging him with two counts of nonsupport during the period of September 20, 1999, to September 21, 2001. He was sentenced to a prison term of seven months. In his two assignments of error, Crawford now contends that the trial court erred in overruling his motion to dismiss on grounds of double jeopardy, and that he received ineffective assistance of counsel.
{¶ 3} We find no merit in Crawford's claim that the indictment constituted double jeopardy because he had been previously found in contempt for nonsupport of the same child. As we held in State v. Riley
(July 30, 1997), Hamilton App. No. C-960940, unreported,
 Where the prior contempt proceeding is remedial, as here, there is no double jeopardy. To be criminal contempt, a civil sanction must be so divorced from any remedial goal as to constitute punishment. See United States v. Halper
(1989), 490 U.S. 435, S.Ct. 1892, 104 L.Ed.2d 487. In civil contempt, the goal is to coerce the person to comply with the court's order, as opposed to punishment for past failure. In child support cases, contempt orders encourage payments and allow for a purge of the contempt.
 Because the earlier contempt proceeding against Crawford in domestic relations court was to enforce compliance with the court's order, the contempt was civil in nature. Consequently, Crawford did not suffer multiple criminal punishments. Therefore, we overrule Crawford's first assignment of error.
{¶ 4} In support of his claim of ineffective assistance of counsel, Crawford first argues that his counsel should not have allowed him to plead no contest to the second count of the indictment, alleging a violation of R.C. 2919.21(B), when the first count, alleging a violation of 2919.21(A)(2), did not depend on court-ordered payments. We fail to appreciate the merit of this assertion, particularly in light of Crawford's first assignment of error. Defense counsel's choice of plea was consistent with a desire to preserve a claim of error based on double jeopardy.
{¶ 5} Crawford next alleges that his counsel failed to inform him of his opportunity to set aside the plea and to proceed to trial. The record shows, however, that, following acceptance of his plea, both the trial court and Crawford's counsel asked him if he wanted to withdraw his plea and to proceed to trial. Although Crawford requested to withdraw his plea, he conceded that he had not supported his child and simply wanted to be released from confinement to see his relatives. The trial court denied the request, which Crawford was given full opportunity to make.
{¶ 6} The colloquy in the record, Crawford's answers to the trial court's questions concerning the waiver of his rights under Crim.R. 11(C), and Crawford's discussions on the record with his attorney unequivocally establish that Crawford's plea of no contest to the second count of the indictment was knowingly, understandingly, and voluntarily entered.
{¶ 7} In sum, the record shows no deficiencies in Crawford's counsel's performance, or any actions attributable to Crawford's counsel that rendered the proceedings fundamentally unfair. See Lockhart v.Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838; Strickland v. Washington
(1984), 466 U.S. 668, 694, 104 S.Ct. 2052.
{¶ 8} Therefore, the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.